UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

V CARS, LLC ,
f/k/a Visionary Vehicles, LLC,

        Plaintiff,           CIVIL ACTION NO. 10-mc-50984

   vs.

                             DISTRICT JUDGE STEPHEN J. MURPHY

ISRAEL CORPORATION,      MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendant.
_____/

## ORDER GRANTING CHRYSLER GROUP, LLC'S MOTION TO QUASH OR MODIFY SUBPOENA (DOCKET NO. 1)

This matter comes before the Court on non-party Chrysler Group, LLC's (Chrysler) Motion To Quash Or Modify Subpoena filed on August 31, 2010. (Docket no. 1). Plaintiff V Cars, LLC which served the subpoena on Chrysler, filed a Response on September 17, 2010. (Docket no. 3). Chrysler filed a Reply Brief on September 27, 2010. (Docket no. 5). On November 17, 2010 the Court denied Plaintiff's Ex-Parte Motion For Leave To File A Sur-Reply Brief. (Docket no. 6). This motion was referred for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 2). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). (Docket no. 4).

This subpoena was served in an action originating in the United States District Court For the Southern District of New York, case no. 09-CIV-8969. (Docket no. 23, p. 50 of 50). The subpoena properly issued from this Court for service on non-party Chrysler within the Eastern District of Michigan. Fed. R. Civ. P. 45(a)(2)(C). On August 6, 2010 Plaintiff served the subpoena on Chrysler to produce the following:

1.  Any and all documents, including but not limited to correspondence, e-mail, notes, reports, contracts, draft contracts, non-binding agreements, joint ventures, projected joint ventures, investments, business plans, projections, and any other form of analysis, pertaining or related to any business ventures, projects, or any other dealings between Chrysler LLC, DaimlerChrysler LLC (or any subsidiary, affiliate, and/or predecessor in interest) and Chery Automobile Co., Ltd.

2.  Notwithstanding the above, any documents concerning any plans, projections, discussions or public statements between the above parties concerning any effort for Chrysler to build Chery-built and/or manufactured automobiles in North America.

Plaintiff allowed Chrysler until September 1, 2010 to respond to the subpoena. Chrysler seeks to quash or modify the subpoena pursuant to Fed. R. Civ . P. 45(c)(3) and/or entry of a protective order pursuant to Fed. R. Civ. P. 26(b)(2)(C). Chrysler alleges that the subpoena seeks documents that are not relevant, seeks documents that "may be subject to a non-disclosure agreement and/or [are] confidential" and is overly broad and unduly burdensome. (Docket no. 1).

Pursuant to Fed. R. Civ. P. 26(b)(1), "[]p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Although the Rule allows broad discovery, it is not without limit. Discovery of matters not "reasonably calculated to lead to the discovery of admissible evidence" is beyond the scope of the Rule. *In re Richardson-Merrell, Inc.*, 97 F.R.D. 481, 483 (D.C. Ohio 1983). "The scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994). Chrysler challenges the relevance of the information sought by the broad document descriptions set forth in the subpoena. The Court agrees that the documents sought by the subpoena are not relevant to the claims or defenses in the action in which they are sought.

Plaintiff's action arises from an agreement in late 2004 between Plaintiff and non-party Chery Automobile Co., Ltd. ("Chery"), a Chinese vehicle manufacturer, to form a Joint Venture to produce vehicles for markets including North America. Plaintiff alleges that as part of the deal, Plaintiff obtained rights to be "the exclusive importer and distributor for North American products for the to-be formed [Joint Venture]." (Docket no. 3 p. 10 of 17). In its Amended Complaint And Demand For Jury Trial filed in the Southern District of New York, Plaintiff alleges that Defendant Israel Corporation was brought into discussions with Plaintiff and Chery as a potential investor and that Defendant Israel Corporation interfered with the relations and eventually usurped the Joint Venture between Plaintiff and Chery. Plaintiff alleges that in December 2006 Chery and Ofer Group (55% owner of Israel Corporation) established a Chery-Israel Corporation joint venture company without Plaintiff, intending to sell "some of the very same vehicles agreed to by Chery" to be in the original Joint Venture with Plaintiff. (Docket no. 1-2 ¶ 47).

Plaintiff's claims against Defendant Israel Corporation include promissory estoppel, wrongful termination of partnership and/or joint venture, breach of fiduciary duty, fraud and/or negligent misrepresentation and/or fraudulent inducement and/or fraudulent concealment, tortious interference with contract, business relationship and expectancy, misappropriation of trade secrets, conversion, quantum meruit, civil conspiracy, unjust enrichment, unfair competition, and seeks an accounting. (Docket nos. 1-1, 1-2).

Plaintiff has made general allegations in its Response brief that the documents it seeks from Chrysler are "relevant to the claims at issue." (Docket no. 3 p.14 of 17). Plaintiff argues in its Response brief that "Chery and Chrysler had extensive dicscussions (sic) about North American production as far back as early 2006, while V Cars and Chery were unambiguously under an

-3-

exclusive agreement." (Docket no. 3 p. 11 of 17). Plaintiff also alleges in its Response brief that Defendant Israel Corporation "instigated the collapse of the Chery-V Cars joint venture, which cleared the way for Chery to negotiate a deal with Chrysler to import Chery-made vehicles to North America." (Docket no. 3 p. 11 of 17). Plaintiff argues in the Response brief that Defendant "now claims that Chery never really wanted to come to North America, that its JV [Joint Venture] with Chery is 'different' than the one Chery had planned with V Cars (predicated on an output of Chinese cars to North America)." (Docket no. 3, p.11 of 17). Finally, Plaintiff alleges that "[a]ll this is directly contradicted by evidence of the Chery-Chrysler dealings in 2006 and 2007" and that "documents relating to the Chery-Chrysler dealings may assist V Cars in calculating its damages as to the value of the loss of its exclusive importation and distribution rights." (Docket no. 3 p.11 of 17).

Plaintiff also argues that this particular subpoena issued because after a deposition of a Chrysler executive in a Jackson County Circuit Court case, "Chery and Chrysler had additional discussion and, on information and belief, signed some agreements while V Cars and Chery had an exclusive relationship." (Docket no. 3 p.14 of 17). Plaintiff states that it is not suing Chrysler "(nor could it since the bankruptcy wiped out pre-petition claims) but is holding Chery to its agreement with V Cars." (Docket no. 3 p. 14 of 17).

The Court has carefully considered the claims raised against Defendant Israel Corporation in Plaintiff's Amended Complaint filed in the Southern District of New York. Neither Chrysler nor Chery is a party to this action. Chrysler is not mentioned in the Amended Complaint at all and even the broadest reading of the claims raised therein and alleged resulting damages does not sustain the allegations Plaintiff makes in the Response brief in an attempt to show that the Chrysler documents

are relevant.  Although Plaintiff had a past suit against Chery in the Eastern District[1] and is engaged in arbitration with Chery in another forum, Plaintiff's claims against Chery are not a part of the current action in the Southern District of New York.  Any relationship between the Chery-Chrysler documents and Plaintiff's claims against Defendant Israel Corporation is speculative at best and not relevant to proving (or defending against) those claims Plaintiff raises against Defendant Israel Corporation.  The Court also finds that Plaintiff has not shown good cause for allowing discovery of these documents as being relevant to the subject matter in this action.  Plaintiff's explanations in its Response Brief of the relevance of the Chrysler documents hinge on allegations, claims and defenses that are not present in this action.  For these reasons the Court will grant Chrysler's Motion seeking to quash the subpoena.

Because the Court has determined that the subpoena does not seek documents relevant to the claims or defenses in this action the Court need not reach the remaining issues in the motion.  It is worth noting, however, that Plaintiff's subpoena is overly broad even as to those allegations raised in Plaintiff's Response Brief.  Even if the Court had determined that negotiations and/or agreements between Chrysler and Chery were relevant to the issues in the action at bar, the subpoena far exceeds the scope of such negotiations and agreements.  Despite the parties' agreement that negotiations and any agreements between Chery and Chrysler took place from early 2006 to 2007, the document description in the subpoena is unlimited in scope regarding time.  It is also unlimited as to subject

---

[1] *V Cars, LLC v. Chery Automobile Co., Ltd., et al.*, Case No. 2:08-cv-13113.  The claims against Defendant Israel Corporation were dismissed from the Eastern District lawsuit for lack of personal jurisdiction and improper venue. Defendant Chery's Motion To Compel Arbitration was granted on February 4, 2010, Plaintiff was compelled into arbitration with Chery and the remainder of the case was administratively terminated.  *V Cars, LLC*, Case no. 2:08-cv-13113, docket no. 65.

matter, type of document, venture, project or Chrysler entity. Even if the Court had accepted Plaintiff's relevance argument, the subpoena is overly broad.

**IT IS THEREFORE ORDERED** that Chrysler Group, LLC's Motion To Quash Or Modify Subpoena (docket no.1) is **GRANTED** and Plaintiff's Subpoena to Chrysler Group, LLC, served on August 6, 2010 is quashed.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: March 14, 2011                s/ Mona K. Majzoub
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this order was served upon Counsel of Record on this date.

Dated: March 14, 2011                s/ Lisa C. Bartlett
                                     Case Manager